JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant Linda Castrataro (appellant) appeals the court sentencing her to three years' imprisonment as being cruel and unusual punishment. After reviewing the facts of the case and pertinent law, we vacate appellant's sentence and remand.
 I. {¶ 2} Appellant has a long history of mental illness and has appeared before this court twice before the case at hand. In 2002, appellant pled guilty to carrying a concealed weapon. A psychiatric evaluation found her incompetent to stand trial; however, she was subsequently restored to competency and the case was reinstated. We affirmed her conviction inState v. Castrataro, Cuyahoga App. No. 81268, 2002-Ohio-6333. Appellant appeared before this court again in 2005, and we affirmed the court declaring her legally incompetent and appointing a guardian over her person. See In Re: Guardianship of Linda Castrataro, Cuyahoga App. No. 85697, 2005-Ohio-5984. Included in the record of Case No. 85697 were stipulations and expert medical reports opining that appellant suffered from the following mental illnesses: chronic paranoid schizophrenia; paranoid schizophrenia with paranoid delusions; inability to care for herself or her finances; paranoid/disorganized schizoaffective disorder with manic and psychotic thought disorder features; antisocial/borderline personality traits; and paranoia with judgment and insight deficits. *Page 4 
 {¶ 3} In May of 2004, appellant was involved in a police chase, and as a result, she pled guilty to failure to comply with order or signal of police officer, felonious assault, and vandalism. On March 1, 2005, the court sentenced appellant to three years of community control sanctions, which included a psychiatric evaluation and placement in a group home with 24-hour supervision. In addition, appellant's driver's license was suspended, she was ordered to be supervised by "intensive mentally disordered offender's unit," forbidden from taking illegal drugs and carrying weapons, and ordered to take all prescription medication and continue with mental health treatment.[1]
 {¶ 4} On May 5, 2005, the court held a compliance hearing regarding appellant's adherence to the community control sanction mandates. At the hearing, the court referred appellant to the court psychiatric clinic for evaluation as to whether she was eligible for civil commitment to a mental institution. However, the court's May 5, 2005 order directs the psychiatric clinic to examine appellant pursuant to R.C. 2945.40, which is the statute governing not guilty by reason of insanity pleas. Appellant did not plead not guilty by reason of insanity; therefore, she was not subject to proceedings under R.C. 2945.40. Rather, appellant's examination should have been ordered pursuant to R.C. 5122.15, which is the statute governing civil commitment hearings. *Page 5 
 {¶ 5} Nonetheless, on June 28, 2005, the court held a civil commitment hearing, and based on the opinion of the court psychiatric clinic, appellant was "found to be a mentally ill person subject to civil commitment with the least restrictive alternative for treatment and safety for defendant and others, is a hospital setting * * *." In the same journal entry the court ordered that appellant be transported to Northcoast Behavioral Healthcare Center.
 {¶ 6} Mysteriously, on July 22, 2005, the court held what it referred to as a "further hearing" and ordered that, per the Cuyahoga County Mental Health Board, appellant was not subject to hospitalization as part of her civil commitment; rather, she should be placed in supervised housing and remain compliant with the other terms of the community control sanctions. Furthermore, the order stated that should appellant fail to comply with these sanctions, "she will return [to] the county jail for further review." On August 4, 2005, the court modified the July 22, 2005 order and mandated that appellant successfully complete the Sally Ann Adult Care program. There are no medical reports or other documents related to appellant's mental health in the record relating to these journal entries.
 {¶ 7} On November 22, 2005, the court's docket reflects notations from appellant's probation officer, revealing that appellant did the following: failed to report to her probation officer via telephone; began taking only half of her prescribed medication; left the group home, taking all of her belongings with her; and represented that she was checking herself into a hospital. However, it could not be *Page 6 
confirmed that appellant was admitted to any nearby hospital; therefore, the court issued a capias for appellant's arrest.
 {¶ 8} Appellant was later found in a hospital in Atlanta, Georgia, and it was learned that she temporarily relocated to Bermuda and changed her name to "California." Appellant was extradited to Ohio on her arrest warrant, and on May 10, 2006, the court ordered the psychiatric clinic to perform another civil commitment evaluation pursuant to R.C. 2945.40, the statute governing not guilty by reason of insanity pleas. On May 15, 2006, Dr. George Schmedlen of the Cuyahoga County Court Psychiatric Clinic wrote a letter to the court regarding appellant, stating that appellant was before the court on an alleged probation violation, and the clinic would not conduct a civil commitment evaluation "unless the defendant in question has been found Not Guilty By Reason of Insanity or Incompetent to Stand Trial, Unrestorable, and is under the Criminal Jurisdiction of the Court." Dr. Schmedlen noted that "the determination whether a defendant is eligible for civil commitment [under R.C.5122.01, et seq.] thus lies solely with the Community Mental Health Board."
 {¶ 9} On June 30, 2006, the court held a community control sanctions violation hearing regarding appellant leaving the Sally Ann Adult Care program, and found that appellant was in violation of the sanctions. The court sentenced appellant to three years' imprisonment and ordered that her mental health be re-evaluated. It is from the imposition of this sentence that appellant appeals. *Page 7 
 II. {¶ 10} In her sole assignment of error, appellant argues that "the trial court erred by imposing a three year sentence. Considering appellant's mental illness, the sentence was cruel and unusual under the Eighth Amendment and a violation of appellant's due process rights." Specifically, appellant argues that she is not receiving the medical care she needs in prison; rather, she should be placed in a mental health facility where she can be treated for her mental illness.
 {¶ 11} It is clear from the instant case and appellant's past brushes with the law, that she has an ongoing battle with mental illness. However, what is absent from the record before us is a definitive psychiatric evaluation of appellant's current mental condition. The picture that has been painted for this court to review is a piecemeal collage of appellant's unstable mental health over the past few years. We can say with certainty that appellant has a history of struggling with mental issues. However, the standard for involuntary hospitalization via a civil commitment hearing is that, by clear and convincing evidence, the defendant is mentally ill and there is a substantial risk of harm to him or herself, or others. See R.C.5122.01(B); 5122.15. In re Burton (1984), 11 Ohio St.3d 147, 149, lists factors that the court should take into consideration in determining whether a person is subject to civil commitment. The second factor is as follows: "[P]sychiatric and medical testimony as to the present mental and physical condition of the alleged incompetent; * * *." A careful combing of the record in the instant case reveals no expert medical reports or *Page 8 
evaluations, and of the three hearing transcripts included for our review, none contain expert medical testimony.
 {¶ 12} We note that the court attempted to accommodate appellant's mental illness throughout these proceedings; however, it seems as if she fell through the procedural cracks of the system. We are aware of, and sensitive to, the special attention that need be paid mentally ill offenders and the rehabilitative role the criminal justice system should play in this often misunderstood scenario. Appellant deserves the right to a determination, through the proper legal procedures, of whether she would benefit from treatment that can be provided outside the penal system. Accordingly, we instruct the trial court to obtain a psychiatric evaluation of appellant from the Cuyahoga County Mental Health Board pursuant to R.C. 5122.01 et seq., and remand this case for a civil commitment hearing based on the findings of the evaluation.
 {¶ 13} The appellant's sole assignment of error being sustained, we vacate the sentence and remand the case for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
KENNETH A. ROCCO, P.J., and PATRICIA ANN BLACKMON, J., CONCUR.
[1] See Journal Entry filed March 8, 2005. *Page 1